UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KERWIN MAURICE HAWKINS,<br><br>    Defendant. | NO. CR-04-211-LRS<br><br>**ORDER GRANTING MOTION**<br>**FOR REDUCTION OF SENTENCE**<br>**(CRACK COCAINE)** |

**BEFORE THE COURT** is the Defendants' "Motion For Reduction Of Sentence Pursuant To 18 U.S.C. §3582(c)(2)" (Ct. Rec. 36).

The Sentencing Guidelines for crack cocaine offenses have been amended. *Guidelines Manual* (2007), Appendix C, Amendment 706. The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine (Cocaine Base) listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the Guideline range for offenses involving crack cocaine and other substances. This amendment became effective on November 1, 2007. As of March 3, 2008, time reductions for crack cocaine offenders sentenced prior to November 1, 2007 are authorized pursuant to 18 U.S.C. §3582(c)(2). *U.S. v. Ross*, 511 F.3d 1233, 1237 n. 2 (9th Cir. 2008).

Defendant pled guilty to Distribution of 5 Grams or More of a Mixture or Substance Containing Cocaine Base (Count 1 of Indictment), and Distribution of 50 Grams or More of a Mixture or Substance Containing Cocaine Base (Count 2

of Indictment). On August 17, 2005, he was sentenced to 121 months on each count, the sentences to run concurrently. This was a guideline sentence based on an applicable guideline range of 121 to 151 months derived from a Total Adjusted Offense Level of 31 and a Criminal History Category of II. The court adopted the Base Offense Level of 34 found by the author of the pre-sentence report. That Base Offense Level was derived from §2D1.1(c)(3) of the Drug Quantity Table found in the 2004 edition of the *Guidelines Manual* for offenses involving at least 150 grams, but less than 500 grams of Cocaine Base. With the adoption of Amendment 706, that quantity of Cocaine Base now results in a Base Offense Level of 32. See §2D1.1(c)(4) of the Drug Quantity Table found in the 2007 edition of the *Guidelines Manual*.

The amended version of U.S.S.G. §1B1.10 found in the *Supplement To The 2007 Guidelines Manual*, effective March 3, 2008, provides in relevant part:

>   (a) <u>Authority</u>.-
>
>   (1) <u>In General</u>.- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2). As required by 18 U.S.C. §3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

The court is to determine the amended guideline range that would have been applicable to the Defendant if the amendment to the guideline had been in effect at the time the defendant was sentenced. U.S.S.G. §1B1.10(b)(1). In general, the court is not to reduce the term of imprisonment to a term that is less than the minimum of the amended guideline range. U.S.S.G. §1B1.10(b)(2)(A).

Based on Amendment 706 to the Guidelines, Defendant's Base Offense Level is reduced to 32. With the three level reduction for acceptance of responsibility that Defendant was given in the court's determination of the

**ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE -     2**

applicable guideline range at the time of sentencing, Defendant's Total Adjusted Offense Level is now 29. Based on a Criminal History Category of II, Defendant's amended guideline range is 97-121 months. Because the Defendant was given the minimum term available under the original guideline range (121 months), the court deems it appropriate to give Defendant the minimum term available under the amended guideline range (97 months).

Accordingly, Defendant's "Motion For Reduction Of Sentence Pursuant To 18 U.S.C. §3582(c)(2)" (Ct. Rec. 36) is **GRANTED** and Defendant's term of imprisonment is reduced to 97 months on both Counts 1 and 2 of the Indictment, to run concurrently. All other terms of the original sentence remain unchanged.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to the Defendant, to Assistant U.S. Attorney Aine Ahmed, Esq. (Spokane), to the U.S. Probation Office (Spokane), to the Director of the Bureau of Prisons (Federal Bureau of Prisons, Central Office, 320 First St., NW, Washington D.C. 20534), and to the United States Sentencing Commission (One Columbus Circle, N.E., Suite 2-500, South Lobby, Washington, D.C. 20002-8002).

**DATED** this  6th  day of March, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE -      3**