UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>KERWIN MAURICE HAWKINS,<br><br>           Defendant. | NO. CR-04-211-LRS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (CRACK COCAINE)** |

On March 6, 2008, the court entered an order granting Defendants' "Motion For Reduction Of Sentence Pursuant To 18 U.S.C. §3582(c)(2)" (Ct. Rec. 37). The court reduced Defendant's sentence of imprisonment from 121 months to 97 months. This was based on a calculation of a new guideline range of 97-121 months due to Amendment 706 to the Sentencing Guidelines which calls for a two level downward adjustment to the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1. The court, however, failed to recall that pursuant to 21 U.S.C. §841(b)(1)(A), the Defendant had been subject to a statutory minimum term of 120 months (10 years) because of his conviction on Count 2 of the Indictment for Distribution of 50 Grams or More of a Mixture or Substance Containing Cocaine Base. The court recognized this clear error when on March 7, 2008, the United States filed a response to Defendant's motion. (Ct. Rec. 38). This court promptly entered an order on March 7 vacating its March 6 order and modifying the reduction of Defendant's

**ORDER DENYING MOTION
FOR RECONSIDERATION -            1**

term of imprisonment from 97 months to 120 months in order to comply with the required statutory minimum term. (Ct. Rec. 39). Defendant now asks the court to reconsider its March 7 order. (Ct. Rec. 40).

This court is compelled to sentence the Defendant to a term of imprisonment that is no less than the minimum mandated by statute. The only exceptions allowing the court to impose a sentence less than the statutory minimum are where the government seeks a reduction of sentence for substantial assistance provided by a defendant, 18 U.S.C. §3553(e), or where a defendant meets all of the criteria specified in what is known as the "safety valve" provision of 18 U.S.C. §3553(f). Neither of these exceptions apply in the captioned case. The court simply has no discretion to reduce Defendant's term of imprisonment below 120 months. *United States v. Barajas-Avalos*, 377 F.3d 1040, 1060 (9th Cir. 2004)("[T]he fixing of prison terms for specific crimes is properly within the province of legislatures, not courts").

Accordingly, Defendant's "Motion For Reconsideration" (Ct. Rec. 41) is **DENIED**.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to the Defendant and to Assistant U.S. Attorney Aine Ahmed, Esq. (Spokane).

**DATED** this  31st   day of March, 2008.

*s/Lonny R. Suko*
———————————————
LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION -** 2