UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>KERWIN MAURICE HAWKINS,<br><br>　　　　　Defendant. | NO. CR-04-211-LRS<br><br>**ORDER DENYING MOTION<br>FOR REDUCTION OF SENTENCE** |

**BEFORE THE COURT** is Defendant's "Motion For Sentence Reduction Pursuant To The Fair Sentencing Act Of 2010" (ECF No. 46).

18 U.S.C. § 3582(c)(2) provides that where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o), "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is found in U.S.S.G. § 1B1.10(a). Where a defendant is serving a term of imprisonment, and where the applicable Guidelines range has subsequently been lowered as a result of an amendment to the Guidelines listed in § 1B1.10(c), a reduction in the defendant's prison sentence is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a) (2011).

**ORDER DENYING MOTION
FOR REDUCTION OF SENTENCE -    1**

The Fair Sentencing Act of 2010 (FSA) directed the U.S. Sentencing Commission to promulgate emergency amendments to the Guidelines that would bring the Guidelines into conformity with the Act's substantive provisions reducing the criminal penalties for certain crack cocaine offenses. Pub.L. 111-220, 124 Stat. 2372, 2374. The result of that directive was Amendment 748 which, among other things, adjusted downward the base offense levels for crack cocaine possession. Amendment 748 was a temporary, emergency amendment. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. 76 Fed.Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect. Amendment 748 will be designated Amendment 750 in Appendix C of the United States Sentencing Guidelines. 76 Fed.Reg. 41332-35 (July 13, 2011). Amendment 750 became effective on November 1, 2011. It is listed in § 1B1.10(c) of the 2011 version of the Guidelines and can now serve as a basis for a retroactive sentence reduction under §3582(c)(2) following calculation of an amended guideline range.

In March 2008, this court entered an order reducing Defendant's sentence to 120 months custody pursuant to Amendment 706 of the Sentencing Guidelines which resulted in calculation of an amended guideline range of 97-121 months. (ECF No. 39). 120 months is the statutory mandatory minimum. In a sealed order filed in May 2008 (ECF No. 45), the court denied a subsequent motion by the Defendant to impose a sentence below the statutory minimum. Accordingly, the court cannot further reduce Defendant's sentence of incarceration pursuant to the Fair Sentencing Reduction Act and Amendment 750 to the Guidelines.

Defendant's "Motion For Sentence Reduction Pursuant To The Fair Sentencing Act Of 2010" (ECF No. 46) is **DENIED**.

**IT IS SO ORDERED**. The District Executive shall forward copies of this

**ORDER DENYING MOTION
FOR REDUCTION OF SENTENCE -     2**

order to the Defendant, to Assistant U.S. Attorney Aine Ahmed, Esq. (Spokane), to the U.S. Probation Office (Spokane), to the Director of the Bureau of Prisons (Federal Bureau of Prisons, Central Office, 320 First St., NW, Washington D.C. 20534), and to the United States Sentencing Commission (One Columbus Circle, N.E., Suite 2-500, South Lobby, Washington, D.C. 20002-8002).

**DATED** this \_\_\_\_18th\_\_\_\_ day of November, 2011.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE -    3**